IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| DESIREE THOMAS, as parent and next friend of CHRISTOPHER MCDONALD, JR., a minor, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN JOHN DOE OFFICERS, <br><br> Defendants. | No: 1:14-cv-0641 <br><br> Judge: <br><br> Magistrate Judge <br><br> **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff DESIREE THOMAS, as parent and next friend of CHRISTOPHER MCDONALD, JR., a minor, through her attorneys, ERICKSON & OPPENHEIMER, LTD., and for complaint against the Defendants, UNKNOWN JOHN DOE OFFICERS (collectively "Defendant Officers") and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## PARTIES

4. Christopher McDonald, Jr. is a 15 year-old resident of the Northern District of Illinois.

5. Desiree Thomas is the mother of minor Christopher McDonald, Jr. and a resident of the Northern District of Illinois.

6. On information and belief, Defendant Officers are employees and agents of the Cook County Sheriff's Department. At all times relevant, Defendants acted under color of law as a duly appointed law enforcement officers and within the scope of their employment.

## BACKGROUND FACTS

7. On or about October 1, 2013, Christopher McDonald, Jr. was in the area of 51st and Princeton in Chicago, Illinois. Mr. McDonald, Jr. was not committing any crime and had not committed any crime.

8. Without warning, a vehicle approached him and two Defendant Officers jumped out.

9. The two unknown Defendant Officers grabbed Christopher McDonald, Jr. by the neck and threw him on the vehicle.

10. The Defendant Officers threatened to snap Mr. McDonald, Jr.'s neck.

11. Additional vehicle(s) carrying additional Defendant Officers arrived on the scene. These additional officers exited their vehicle(s).

12. Mr. McDonald, Jr. tried to call out for help.

13. One or more of the Defendant Officers threatened to knock his teeth out if he continued to yell out for help.

14. The Defendant Officers handcuffed him without any reasonable suspicion or probable cause to do so and placed him in their vehicle.

15. The two initial Defendant Officers who arrived on the scene conducted a search of Christopher McDonald, Jr.'s person, but did not discover anything illegal.

16. This search was conducted without a warrant, Mr. McDonald, Jr.'s consent, or probable cause and/or reasonable suspicion.

17. Subsequently, the Defendant Officers drove Mr. McDonald, Jr. to a police station in the area of 51st and Wentworth in Chicago, Illinois.

18. Mr. McDonald, Jr. remained in the vehicle with one of the officers while the other Defendant Officer exited the vehicle and spoke with other officers. After this conversation, the other Defendant Officer again entered the vehicle Mr. McDonald, Jr. was in.

19. Thereafter, Mr. McDonald, Jr. was driven by the Defendant Officers to the area of 317 W. 51st Place in Chicago, Illinois.

20. Additional Defendant Officers followed Mr. McDonald, Jr. and their fellow officers.

21. One of the Defendant Officers spoke briefly with Plaintiff Desiree Thomas.

22. During this time, Mr. McDonald, Jr. was taken briefly out of the police vehicle and asked to identify a family member in the vicinity. Mr. McDonald, Jr. complied with the Defendants' orders and was then placed back in the police vehicle.

23. After some additional time, Mr. McDonald, Jr. was again taken out of the police vehicle, uncuffed, and released to his mother.

24. During the incident on October 1, 2013, one or more of the Defendant Officers inquired as to Mr. McDonald, Jr.'s father's whereabouts.

25. During the incident on October 1, 2013, one of the Defendant Officers stated to Mr. McDonald, Jr. that he had been picked up because the Defendant Officers were looking for his father.

26. Earlier that year, in or about February 2013, Mr. McDonald, Sr. had been released from the custody of the Cook County Jail.

27. On information and belief and on or about October 1, 2013, Mr. McDonald, Sr. was contacted by members of the Cook County Sheriff's Department advising him that there was a problem with his February 2013 release and that he needed to sign something.

28. On or about October 2, 2013, Christopher McDonald, Jr. was in the area of his mother's residence, located at or about 317 W. 51st Place in Chicago, Illinois. Mr. McDonald, Jr. was not committing any crime and had not committed any crime.

29. Several police vehicles approached the scene and the Defendant Officers jumped out of their vehicles.

30. One or more of the Defendant Officers grabbed Mr. McDonald, Jr. and placed him in one of the police vehicles.

31. The Defendant Officers then drove Mr. McDonald, Jr. initially to a gas station located in the area of 43rd and Princeton and then to the area of 51st and Wentworth.

32. After some time and some conversation with one of Mr. McDonald, Jr.'s family members, the Defendant Officers released Mr. McDonald, Jr. in the area of 51st and Wentworth.

33. During the incident on or about October 2, 2013, one or more of the Defendant Officers ordered Mr. McDonald, Jr. to get his father on the phone.

34. During the incident on or about October 2, 2013, one or more of the Defendant Officers threatened to call DCFS in an attempt to have Mr. McDonald, Jr. removed from his mother's custody.

35. On or about October 3, 2013, Mr. McDonald, Jr. was in the area of 316 W. 51st Place in Chicago, Illinois. Mr. McDonald, Jr. was not committing any crime and had not committed any crime.

36. The Defendant Officers approached Mr. McDonald, Jr., ordered him to get his father on the phone and thereafter seized Mr. McDonald, Jr.'s phone from him.

37. One of the Defendant Officers threatened to take Mr. McDonald, Jr. to Maywood and "trigger [his] little brain."

38. The Defendant Officers left the scene with Mr. McDonald, Jr.'s phone, without Mr. McDonald, Jr.'s consent.

39. Mr. McDonald, Jr.'s phone was not returned to him until later on October 3, 2013.

40. At no time during or as a result of any of his interactions with the Defendant Officers on or about October 1-October 3, 2013 was Mr. McDonald, Jr. charged with any offense or given any citations.

## COUNT I
## UNLAWFUL SEIZURE - 42 U.S.C. § 1983 (October 1, 2013)

41. All previously pleaded paragraphs are restated and re-alleged herein.

42. Plaintiff Christopher McDonald, Jr. was improperly seized without probable cause. Plaintiff was denied liberty without justification in violation of the 4th and 14th Amendments of the United States Constitution.

43. Defendants Officers forcefully imposed an unlawful restraint upon Plaintiff's freedom of movement, to wit stopping and seizing him without cause.

44. This seizure was unreasonable within the meaning of the 4th Amendment.

45. The Defendants' conduct that resulted in this unlawful seizure was undertaken with malice, willfulness and reckless indifference.

WHEREFORE Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, as well as costs, attorney's fees and such other relief as is just and equitable.

## COUNT II
### UNLAWFUL SEARCH - 42 U.S.C. § 1983 (October 1, 2013)

46. All previously pleaded paragraphs are restated and re-alleged herein.

47. The actions of the Defendant Officers constituted a warrantless, unreasonable, unjustifiable, search without probable cause or reasonable suspicion of Plaintiff Christopher McDonald, Jr., thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff was injured.

WHEREFORE Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, as well as costs, attorney's fees and such other relief as is just and equitable.

## COUNT III
### UNLAWFUL SEIZURE - 42 U.S.C. § 1983 (October 2, 2013)

49. All previously pleaded paragraphs are restated and re-alleged herein.

50. Plaintiff Christopher McDonald, Jr. was improperly seized without probable cause. Plaintiff was denied liberty without justification in violation of the 4th and 14th Amendments of the United States Constitution.

51. Defendants Officers forcefully imposed an unlawful restraint upon Plaintiff's freedom of movement, to wit stopping and seizing him without cause.

52. This seizure was unreasonable within the meaning of the 4th Amendment.

53. The Defendants' conduct that resulted in this unlawful seizure was undertaken with malice, willfulness and reckless indifference.

WHEREFORE Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, as well as costs, attorney's fees and such other relief as is just and equitable.

## COUNT IV
## BATTERY- STATE LAW CLAIM (October 1, 2013)

54. All previously pleaded paragraphs are restated and re-alleged herein.

55. As set forth hereto and without the consent of Plaintiff, one or more of the Defendant Officers offensively touched Plaintiff intentionally, with malice, and without justification..

56. As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered bodily harm.

WHEREFORE Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, as well as costs and such other relief as is just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
217 N. Jefferson, Suite 100
Chicago, IL 60661
312-327-3370

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria